SEYFARTH SHAW LLP
Ari Hersher (SBN 260321)
ahersher@seyfarth.com
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
Kevin Ha (SBN 322252)
kha@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
ECCO RETAIL LLC dba ECCO OUTLET CAMARILLO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KASSITEE ADAME, individually and on behalf of all other similarly situated,

Plaintiff(s),

v.

ECCO RETAIL LLC dba ECCO OUTLET CAMARILLO; and DOES 1 through 100,

Defendant(s).

Case No. 2:25-cv-11011

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND COUNTERCLAIMS**

Date Action Filed: October 10, 2025

Defendant ECCO RETAIL LLC dba ECCO OUTLET CAMARILLO ("Defendant") hereby answers the First Amended Class Action Complaint ("Complaint") filed by Plaintiff KASSITEE ADAME ("Plaintiff") as follows:

**RELEVANT PARTIES**

**COMPLAINT ¶ 1:**

Plaintiff KASSITEE ADAME ("Plaintiff") is an adult resident of Ventura County, California, and was at all relevant times an employee of Defendant.

**ANSWER:**

Defendant presently lacks sufficient knowledge and information to form a belief as to the current location of Plaintiff's residence and on that basis denies this allegation. Defendant admits that Plaintiff was employed by Defendant from approximately July 2023 to April 2025. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 1.

**COMPLAINT ¶ 2:**

Defendant ECCO RETAIL LLC, dba ECCO OUTLET CAMARILLO ("Defendant") is a Limited Liability Company with its principal place of business located in Salem, New Hampshire. Plaintiff worked in Defendant's Camarillo location at 740 Ventura Blvd Suite 416, Camarillo, CA 93010. Defendant is registered to and does conduct business in the State of California and is subject to the laws of the State of California. All acts and omissions of Defendant's employees as alleged herein occurred while they were acting within the course and scope of their employment.

**ANSWER:**

Defendant admits it is a limited liability company registered to do business in California and that Plaintiff worked at the Camarillo location identified. Defendant admits it conducts business in California. Defendant denies the remaining allegations in Paragraph 2, including any implication of wrongdoing.

**COMPLAINT ¶ 3:**

Plaintiff is unaware of the true names or capacities of the Defendants sued herein as DOES 1 through 100, inclusive ("Doe Defendants"), and therefore sues said Doe Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to insert the true names and capacities of such Doe Defendants when such information has been obtained. Plaintiff is informed and believes, and based on such information and belief alleges, that each of the fictitiously named Doe Defendants has participated in some way in the wrongful acts and omissions alleged below, and is liable to Plaintiff for damages and other relief to which Plaintiff is entitled. Defendant and Doe Defendants are collectively referred to as “Defendants”.

**ANSWER:**

Defendant lacks sufficient knowledge or information to admit or deny the allegations regarding the identities, capacities, or alleged conduct of the Doe Defendants and therefore denies them. The allegations in Paragraph 3 otherwise state legal conclusions and, as such, require no response from Defendant. However, to the extent a response is deemed necessary, Defendant denies the allegations contained therein.

**JURISDICTION AND VENUE**

**COMPLAINT ¶ 4:**

This action is properly filed in the Superior Court for the County of Ventura because the acts and omissions that give rise to Plaintiff's claims took place in Ventura County, and Defendants transact substantial business in this County.

**ANSWER:**

Paragraph 4 contains legal conclusions regarding venue to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 4.

**COMPLAINT ¶ 5:**

This Court has jurisdiction over Defendants because Defendants' unlawful conduct as alleged herein occurred in Ventura County, California and Plaintiff suffered damages from such conduct within Ventura County, California.

**ANSWER:**

Paragraph 5 contains legal conclusions regarding jurisdiction to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 5, including any assertion of unlawful conduct.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶ 6:**

At all times relevant, Plaintiff was Defendants' non-exempt employee.

**ANSWER:**

Defendant admits that Plaintiff was classified as a non-exempt employee during her employment. Defendant denies the remaining allegations in Paragraph 6, including any implication of wrongdoing.

**COMPLAINT ¶ 7:**

Plaintiff was employed by Defendants from approximately July 11, 2023, until her termination on or about April 26, 2025.

**ANSWER:**

Defendant admits that Plaintiff was employed by Defendant during the dates alleged. Except as expressly admitted herein, Defendant denies each and every remaining allegation set forth in Paragraph 7 of the Complaint.

**COMPLAINT ¶ 8:**

Defendants failed to provide Plaintiff with compliant meal breaks. On a regular basis, approximately one to two times per week, Plaintiff was denied her 30-minute meal period entirely due to understaffing and business needs. Furthermore, when Plaintiff was able to take a meal break, her breaks were frequently interrupted with work-related

duties, such as processing customer returns. Plaintiff was also regularly required to remain on-premises during her meal breaks as she was often the only manager or keyholder on duty. Despite not being provided with compliant, uninterrupted, and off-duty meal breaks, Defendants did not pay premium pay for these missed and non-compliant breaks at Plaintiff's regular rate of pay.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 8.

**COMPLAINT ¶ 9:**

Defendants failed to provide Plaintiff with compliant rest breaks. On a regular basis, approximately three to four times per week, Defendants failed to provide Plaintiff with paid, 10-minute rest periods as required by California law. These rest periods were also subject to interruption for work duties. Despite not being provided with compliant rest breaks, Defendants did not pay premium pay for these missed breaks at Plaintiff's regular rate of pay.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 9.

**COMPLAINT ¶ 10:**

Defendants failed to pay Plaintiff for all hours worked. This includes, but is not limited to, time Plaintiff was required to perform work duties while clocked out for her meal breaks. As a result, Defendants failed to pay Plaintiff minimum wage for all hours worked.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 10.

**COMPLAINT ¶ 11:**

Defendants failed to pay Plaintiff all overtime wages owed. Plaintiff regularly worked more than eight (8) hours in a day and more than forty (40) hours in a week.

Despite working these overtime hours, Defendants failed to compensate Plaintiff at the legally required rate of one and one-half (1.5) times her regular rate of pay.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 11.

**COMPLAINT ¶ 12:**

Defendants failed to provide Plaintiff with accurate, itemized wage statements. The wage statements issued to Plaintiff did not accurately reflect all hours worked, the correct gross and net wages earned, and did not include premium payments for missed meal and rest periods, in violation of California law.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 12.

**COMPLAINT ¶ 13:**

Due to Defendants' failure to pay all wages due to Plaintiff during her employment, it follows that Defendants also failed to pay all wages due at the conclusion of Plaintiff's employment. Upon her termination on or about April 26, 2025, Defendants failed to timely tender Plaintiff's final wages. Defendants mailed her final paycheck to an incorrect address, causing significant delay, and the check was ultimately non-negotiable when Plaintiff attempted to cash it. Therefore, Defendants are liable to Plaintiff for waiting time penalties.

**ANSWER:**

Defendant admits that, due to an unforeseen administrative error unrelated to Plaintiff’s termination, Plaintiff’s final paycheck was temporarily non-negotiable when she attempted to cash it. Defendant further admits that it promptly resolved the issue upon learning of it. Except as so expressly admitted, Defendant denies the remaining allegations in Paragraph 13, including all allegations of willfulness, delay, nonpayment of wages, failure to tender final wages at the time of termination, failure to pay all wages due, or liability for waiting time penalties.

## CLASS ACTION ALLEGATIONS

**COMPLAINT ¶ 14:**

Plaintiff brings this action on behalf of herself and all other similarly situated individuals, and seeks class certification of her claims pursuant to California Code of Civil Procedure § 382. The proposed class is defined as follows: "All current and former non-exempt employees who worked for Defendants in California at any time from four years prior to the filing of this Complaint to the date of judgment" (the "Class").

**ANSWER:**

Paragraph 14 contains legal conclusions and assertions regarding class certification to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 14, including that class treatment is appropriate or that Plaintiff is entitled to represent any class.

**COMPLAINT ¶ 15:**

Plaintiff also seeks to represent the following subclass: "All former non-exempt employees who worked for Defendants in California at any time from three years prior to the filing of this Complaint to the date of judgment and who are no longer employed by Defendants" (the "Waiting Time Subclass").

**ANSWER:**

Paragraph 15 contains legal conclusions and assertions regarding subclass certification to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 15, including that subclass treatment is appropriate or that Plaintiff may represent any subclass.

**COMPLAINT ¶ 16:**

There is a well-defined community of interest in this litigation, and the proposed Class and Waiting Time Subclass are ascertainable through Defendants' employment records, including payroll records and employee rosters.

a. Numerosity: The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that Defendants employ numerous non-exempt employees throughout California.

b. Commonality: There are common questions of law and fact as to the Class which predominate over any questions affecting only individual members. These common questions arise from a common nucleus of operative facts, namely that Defendants engaged in a uniform course of conduct and had company-wide policies and practices that resulted in the labor law violations alleged herein.

c. Typicality: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all Class members were subject to the same illegal policies and practices, and Plaintiff's claims are based on the same legal theories as the claims of the Class members.

d. Adequacy of Representation: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are antagonistic to the interests of the Class, and she has retained counsel who are competent and experienced in class action and employment litigation.

e. Superiority of Class Action: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by individual Class members may be relatively small, making it economically infeasible for them to pursue their claims on an individual basis. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would entail.

f. Public Policy Considerations: California has a strong public policy in favor of enforcing its labor laws and providing a forum for employees to seek redress for violations. Class actions provide employees, who may be fearful of retaliation, with a mechanism to vindicate their rights.

**ANSWER:**

Paragraph 16 contains legal conclusions and assertions regarding class certification, which require no response. To the extent a response is deemed necessary, Defendant denies each and every allegation in Paragraph 16, including all subparts (a) through (f), and specifically denies that Plaintiff satisfies the requirements of numerosity, commonality, typicality, adequacy, or superiority, or that class treatment is appropriate in any respect.

**COMPLAINT ¶ 17:**

The common questions of law and fact for the Class include, but are not limited to, the following:

a. Whether Defendants failed to pay all minimum and overtime wages at the correct rates in violation of Labor Code sections 510, 1194, and 1197;

b. Whether Defendants failed to provide compliant meal periods in violation of Labor Code sections 226.7 and 512 and the applicable IWC Wage Order;

c. Whether Defendants failed to provide compliant rest periods in violation of Labor Code sections 226.7 and the applicable IWC Wage Order;

d. Whether Defendants failed to pay premium wages for non-compliant meal and rest periods in violation of Labor Code section 226.7;

e. Whether Defendants failed to provide accurate, itemized wage statements in violation of Labor Code section 226;

f. Whether Defendants failed to timely pay all final wages to members of the Waiting Time Subclass in violation of Labor Code sections 201, 202, and 203;

g. Whether Defendants' conduct constitutes unfair competition in violation of Business and Professions Code section 17200, et seq.; and

h. The proper measure of damages, penalties, and other remedies for Defendants' violations.

**ANSWER:**

Paragraph 17 contains legal conclusions and characterizations regarding purported "common questions," to which no response is required. To the extent a response is deemed necessary, Defendant denies each and every allegation in Paragraph 17, including all subparts (a) through (h), and specifically denies that any of the listed issues present common questions appropriate for class treatment or that Defendant engaged in any unlawful conduct.

## PAGA ALLEGATIONS

**COMPLAINT ¶ 18:**

Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

**ANSWER:**

Paragraph 18 contains legal conclusions regarding PAGA to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 18.

**COMPLAINT ¶ 19:**

Pursuant to Labor Code section 2699.3, an aggrieved employee may pursue a civil action under PAGA after the following requirements have been met:

**ANSWER:**

Paragraph 19 contains legal conclusions regarding statutory procedures to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 19.

**COMPLAINT ¶ 20:**

The aggrieved employee has provided written notice by online filing to the LWDA and by certified mail to the employer (hereinafter 'Employee's Notice') of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations; and

**ANSWER:**

Defendant admits that Plaintiff submitted an online notice to the Labor and Workforce Development Agency on or about September 10, 2025. Except as so expressly admitted, Defendant denies the remaining allegations in Paragraph 20, including all allegations regarding the sufficiency, content, or adequacy of the notice.

**COMPLAINT ¶ 21:**

The LWDA has provided notice (hereinafter 'LWDA's Notice') to the employer and the aggrieved employee by certified mail that it does not intend to investigate the aggrieved employee's claims. Upon receipt of the LWDA's Notice, or if the LWDA does not provide such Notice within 65 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

**ANSWER:**

Defendant lacks sufficient information to verify whether the Labor and Workforce Development Agency provided any notice to Plaintiff indicating that it did not intend to investigate Plaintiff's allegations, and therefore denies that allegation. Defendant further denies the remaining allegations in Paragraph 21.

**COMPLAINT ¶ 22:**

On or about September 10, 2025, Plaintiff provided written notice by online filing to the LWDA and by certified mail to Defendants of specific provisions of the Labor

Code alleged to have been violated by Defendants, including the facts and theories to support the alleged violations

**ANSWER:**

Defendant admits that Plaintiff submitted an online notice to the Labor and Workforce Development Agency on or about September 10, 2025. Except as so expressly admitted, Defendant denies the remaining allegations in Paragraph 22, including all allegations regarding the sufficiency, content, or adequacy of the notice.

**COMPLAINT ¶ 23:**

The 65-day notice period has elapsed, and the LWDA did not provide Plaintiff with written notice that it intends to investigate the alleged violations of the Labor Code. Thus, Plaintiff seeks PAGA Penalties on behalf of all Aggrieved Employees.

**ANSWER:**

Defendant admits that more than 65 days have elapsed since Plaintiff submitted her alleged notice to the Labor and Workforce Development Agency. Except as so expressly admitted, Defendant lacks sufficient information to confirm whether the LWDA provided any response regarding an investigation and therefore denies that allegation.

**COMPLAINT ¶ 24:**

The Aggrieved Employees are defined as “All other non-exempt, hourly employees, current and former, who were employed by Defendants in California within one year prior to September 10, 2025, through final disposition of this action.”

**ANSWER:**

Paragraph 24 contains definitions and legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 24, including that any employees are “aggrieved employees” under PAGA.

**FIRST CAUSE OF ACTION**
**Failure to Provide Compliant Meal Periods**
**By Plaintiff and the Class Against All Defendants**

**COMPLAINT ¶ 25:**

Plaintiff incorporates by reference the paragraphs above.

**ANSWER:**

Defendant incorporates its answers to the allegations set forth in paragraphs 1 through 24 as if set forth fully herein.

**COMPLAINT ¶ 26:**

Labor Code section 512 and the applicable IWC Wage Order provide that 'an employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes' or 'for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes'.

**ANSWER:**

Paragraph 26 contains legal conclusions and quotations of statutory language to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 26.

**COMPLAINT ¶ 27:**

An employer provides compliant meal breaks to its employees "if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break." (*Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1040 (2012))

**ANSWER:**

Paragraph 27 contains legal conclusions and case citations to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 27.

**COMPLAINT ¶ 28:**

Not only must an employer affirmatively relieve its employees of all duty during their meal breaks, it also must not 'impede or discourage' its employees from taking compliant meal breaks. (*Brinker*, supra).

**ANSWER:**

Paragraph 28 contains legal conclusions and citations to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 28.

**COMPLAINT ¶ 29:**

Defendants failed to provide Plaintiff and the Class Members with compliant meal breaks as alleged herein. Defendants' policies and practices, including understaffing, requiring employees to remain on-premises, and interrupting breaks for work duties, resulted in Plaintiff and Class Members being denied their full and uninterrupted 30-minute meal periods.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 29.

**COMPLAINT ¶ 30:**

For each workday that Defendants failed to provide Plaintiff and the Class Members with a compliant meal break, Defendants were required to remit premium pay pursuant to Labor Code section 226.7(c), which is one additional hour of pay at the employee's regular rate of pay. (*Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021)).

**ANSWER:**

Paragraph 30 contains legal conclusions and citations to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 30.

**COMPLAINT ¶ 31:**

Defendants failed to pay premium pay at Plaintiff's and the Class Members' regular rate of pay for each day a meal break was missed, late, short, or interrupted.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 31.

**COMPLAINT ¶ 32:**

Plaintiff and the Class Members are therefore entitled to recover premium pay for missed meal breaks, interest, penalties, attorney fees, and costs.

**ANSWER:**

Paragraph 32 contains legal conclusions and statements regarding remedies, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 32, including that Plaintiff or any putative class member is entitled to any relief.

## SECOND CAUSE OF ACTION
### Failure to Provide Compliant Rest Periods
### By Plaintiff and the Class Against All Defendants

**COMPLAINT ¶ 33:**

Plaintiff incorporates by reference the paragraphs above.

**ANSWER:**

Defendant incorporates its answers to the allegations set forth in paragraphs 1 through 32 as if set forth fully herein.

**COMPLAINT ¶ 34:**

Labor Code section 226.7 and the applicable IWC Wage Order require employers to authorize and permit its employees to take rest periods based on the total hours worked daily at the rate of ten (10) minutes net for every four (4) hours or major fraction thereof.

**ANSWER:**

Paragraph 34 contains legal conclusions and quotations of statutory language to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 34.

**COMPLAINT ¶ 35:**

Furthermore, "[d]uring rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time." (*Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 269 (2016)).

**ANSWER:**

Paragraph 35 contains legal conclusions and citations to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 35.

**COMPLAINT ¶ 36:**

Defendants failed to provide Plaintiff and the Class Members with compliant rest breaks as alleged herein.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 36.

**COMPLAINT ¶ 37:**

For each workday that Defendants failed to provide Plaintiff and the Class Members with a compliant rest break, Defendants were required to remit premium pay pursuant to Labor Code section 226.7(c), which is one additional hour of pay at the employee's regular rate of pay. (*Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021)).

**ANSWER:**

Paragraph 37 contains legal conclusions and citations to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 37.

**COMPLAINT ¶ 38:**

Defendants failed to pay premium pay at Plaintiff's and the Class Members' regular rate of pay for each day a rest break was missed.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 38.

**COMPLAINT ¶ 39:**

Plaintiff and the Class Members are therefore entitled to recover premium pay for missed rest breaks, interest, penalties, attorney fees, and costs.

**ANSWER:**

Paragraph 39 contains legal conclusions and statements regarding remedies, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 39, including that Plaintiff or any putative class member is entitled to any relief.

**THIRD CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
**By Plaintiff and the Class Against All Defendants**

**COMPLAINT ¶ 40:**

Plaintiff incorporates by reference the paragraphs above.

**ANSWER:**

Defendant incorporates its answers to the allegations set forth in paragraphs 1 through 39 as if set forth fully herein.

**COMPLAINT ¶ 41:**

Labor Code sections 1194 and 1197 and the applicable IWC Wage Order require an employer to pay employees at least minimum wages for all hours worked. 'Hours worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

**ANSWER:**

Paragraph 41 contains legal conclusions and quotations of statutory language to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 41.

**COMPLAINT ¶ 42:**

Defendants failed to pay Plaintiff and the Class Members for all hours worked as alleged herein. This includes, but is not limited to, time Plaintiff and Class Members were required to perform work duties, such as assisting customers, while clocked out for their meal breaks.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 42.

**COMPLAINT ¶ 43:**

Plaintiff and the Class Members are therefore entitled to recover all unpaid wages, liquidated damages pursuant to Labor Code section 1194.2, interest, penalties, attorney fees, and costs.

**ANSWER:**

Paragraph 43 contains legal conclusions and statements regarding remedies, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 43, including that Plaintiff or any putative class member is entitled to any relief.

**FOURTH CAUSE OF ACTION**
**Failure to Pay All Overtime Owed**
**By Plaintiff and the Class Against All Defendants**

**COMPLAINT ¶ 44:**

Plaintiff incorporates by reference the paragraphs above.

**ANSWER:**

Defendant incorporates its answers to the allegations set forth in paragraphs 1 through 43 as if set forth fully herein.

**COMPLAINT ¶ 45:**

In accordance with Labor Code section 510: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

**ANSWER:**

Paragraph 45 contains legal conclusions and quotations of statutory language to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 45.

**COMPLAINT ¶ 46:**

Defendants failed to pay Plaintiff and the Class Members all overtime wages owed as alleged herein. Defendants had a policy and practice of failing to pay Plaintiff and Class Members premium overtime wages for hours worked in excess of eight (8) in a day and/or forty (40) in a week.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 46.

**COMPLAINT ¶ 47:**

Plaintiff and the Class Members are therefore entitled to recover all unpaid overtime wages, liquidated damages, interest, penalties, attorney fees, and costs.

**ANSWER:**

Paragraph 47 contains legal conclusions and statements regarding remedies, to which no response is required. To the extent a response is deemed necessary, Defendant

denies the allegations in Paragraph 47, including that Plaintiff or any putative class member is entitled to any relief.

## FIFTH CAUSE OF ACTION

**Wage Statement Penalties**
**By Plaintiff and the Class Against All Defendants**

**COMPLAINT ¶ 48:**

Plaintiff incorporates by reference the paragraphs above.

**ANSWER:**

Defendant incorporates its answers to the allegations set forth in paragraphs 1 through 47 as if set forth fully herein.

**COMPLAINT ¶ 49:**

Labor Code section 226(a) requires employers to provide accurate, itemized wage statements to their employees showing, among other things, gross wages earned, total hours worked, the number of piece-rate units earned and any applicable piece rate, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, and net wages earned.

**ANSWER:**

Paragraph 49 contains legal conclusions and quotations of statutory language to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 49.

**COMPLAINT ¶ 50:**

As a matter of policy and practice, Defendants failed to provide Plaintiff and the Class Members with accurate, itemized wage statements. As alleged herein, the wage statements issued by Defendants were inaccurate because they did not reflect all hours worked, did not include compensation for all overtime hours worked, and did not include premium payments owed for missed, late, short, or interrupted meal and rest periods.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 50.

**COMPLAINT ¶ 51:**

Defendants knowingly and intentionally failed to provide Plaintiff and the Class Members with accurate wage statements in violation of Labor Code section 226(a). The issuance of these inaccurate wage statements caused injury to Plaintiff and the Class Members in that they could not promptly and easily determine from the wage statements alone the basis for their compensation and whether they were paid correctly for their work.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 51.

**COMPLAINT ¶ 52:**

Plaintiff and the Class Members are therefore entitled to the recovery of statutory penalties as provided for in Labor Code section 226(e), attorney fees, and costs.

**ANSWER:**

Paragraph 52 contains legal conclusions and statements regarding remedies, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 52, including that Plaintiff or any putative class member is entitled to any relief.

## SIXTH CAUSE OF ACTION
### Waiting Time Penalties
### By Plaintiff and the Class Against All Defendants

**COMPLAINT ¶ 53:**

Plaintiff incorporates by reference the paragraphs above.

**ANSWER:**

Defendant incorporates its answers to the allegations set forth in paragraphs 1 through 52 as if set forth fully herein.

**COMPLAINT ¶ 54:**

At all times relevant to this complaint, Plaintiff was employed by Defendants.

**ANSWER:**

Defendant admits that Plaintiff was employed by Ecco Retail LLC from approximately July 11, 2023 through her termination on April 26, 2025.

**COMPLAINT ¶ 55:**

Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code sections 201 or 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced, for a period not to exceed thirty days.

**ANSWER:**

Paragraph 55 contains legal conclusions and quotations of statutory language to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 55.

**COMPLAINT ¶ 56:**

As alleged herein, Defendants willfully failed to pay Plaintiff and the Waiting Time Subclass Members all wages owed at the conclusion of their employment. Defendants failed to tender Plaintiff's final wages at the time of her termination on April 26, 2025. Instead, Defendants sent a check to an incorrect address, causing significant delay. When Plaintiff finally received the check and attempted to cash it, it was non-negotiable. The final wages also failed to include all compensation owed, including but not limited to, unpaid overtime and premiums for missed meal and rest periods. This constitutes a willful failure to pay all final wages due.

**ANSWER:**

Defendant admits that due to an unforeseen administrative error unrelated to Plaintiff's termination, Plaintiff's final paycheck was temporarily non-negotiable when she attempted to cash it. Defendant further admits that it promptly resolved the issue upon learning of it. Defendant denies that it willfully failed to pay Plaintiff's final wages as a result. Except as so expressly admitted, Defendant denies the remaining allegations

in Paragraph 56, including all allegations of willfulness, delay, nonpayment of wages, failure to include all compensation owed, or that any such incident reflects a policy or practice of the Company.

**COMPLAINT ¶ 57:**

Plaintiff and the Waiting Time Subclass Members are therefore entitled to the recovery of waiting time penalties pursuant to Labor Code section 203, interest, attorney fees, and costs.

**ANSWER:**

Paragraph 57 contains legal conclusions and statements regarding remedies, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 57, including that Plaintiff or any putative subclass member is entitled to any relief.

## SEVENTH CAUSE OF ACTION
### Violation of Unfair Competition Law
### By Plaintiff and the Class Against All Defendants

**COMPLAINT ¶ 58:**

Plaintiff incorporates by reference the paragraphs above.

**ANSWER:**

Defendant incorporates its answers to the allegations set forth in paragraphs 1 through 57 as if set forth fully herein.

**COMPLAINT ¶ 59:**

Defendants' conduct described herein, including but not limited to the failure to pay minimum and overtime wages for all hours worked, the failure to provide compliant meal and rest periods, the failure to pay premium wages for non-compliant meal and rest periods, the failure to provide accurate itemized wage statements, and the failure to timely pay all wages upon separation of employment, constitutes unlawful and unfair business acts and practices within the meaning of California Business and Professions Code section 17200, *et seq.*

**ANSWER:**

Defendant denies each and every allegation in Paragraph 59.

**COMPLAINT ¶ 60:**

Specifically, Defendants have gained an unfair advantage over other similarly situated businesses by unlawfully reducing their overhead costs by not paying their employees what they are owed.

**ANSWER:**

Defendant denies each and every allegation in Paragraph 60.

**COMPLAINT ¶ 61:**

Pursuant to Business and Professions Code section 17203, Plaintiff and the Class Members are entitled to restitution of all wrongfully withheld wages.

**ANSWER:**

Paragraph 61 contains legal conclusions and statements regarding remedies, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 61, including that Plaintiff or any putative class member is entitled to restitution or any relief.

**COMPLAINT ¶ 62:**

Plaintiff and the Class Members may recover attorney fees pursuant to Code of Civil Procedure section 1021.5.

**ANSWER:**

Paragraph 62 contains legal conclusions and statements regarding remedies, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 62.

## EIGHTH CAUSE OF ACTION
**Private Attorneys General Act**
**By Plaintiff and the Aggrieved Employees Against All Defendants**

**COMPLAINT ¶ 63:**

Plaintiff incorporates by reference the paragraphs above.

**ANSWER:**

Defendant incorporates its answers to the allegations set forth in paragraphs 1 through 63 as if set forth fully herein.

**COMPLAINT ¶ 64:**

PAGA permits Plaintiff and the Aggrieved Employees to recover civil penalties for the violation(s) of the Labor Code.

**ANSWER:**

Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 64.

**COMPLAINT ¶ 65:**

As alleged herein, Defendants' conduct violates numerous sections of the Labor Code.

**ANSWER:**

Paragraph 65 contains legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 65.

**COMPLAINT ¶ 66:**

With respect to violations of Labor Code sections 226.7 and 558 for Defendants' failure to provide Plaintiff and the Aggrieved Employees with compliant meal periods or compensation in lieu thereof, the penalties in Labor Code sections 558 and 2699 apply.

**ANSWER:**

Paragraph 66 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 66.

**COMPLAINT ¶ 67:**

With respect to violations of Labor Code section 226.7 for Defendants' failure to provide Plaintiff and the Aggrieved Employees with compliant rest periods or compensation in lieu thereof, the penalties in Labor Code section 2699 apply.

**ANSWER:**

Paragraph 67 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 67.

**COMPLAINT ¶ 68:**

With respect to violations of Labor Code section 1197 for Defendants' failure to compensate Plaintiff and the Aggrieved Employees for all minimum wages earned, the penalties in Labor Code sections 1197.1 and 2699 apply.

**ANSWER:**

Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 68.

**COMPLAINT ¶ 69:**

With respect to violations of Labor Code section 510 for Defendants' failure to compensate Plaintiff and the Aggrieved Employees for all overtime wages earned, the penalties in Labor Code sections 558, 1197.1, and 2699 apply.

**ANSWER:**

Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 69.

**COMPLAINT ¶ 70:**

With respect to violations of Labor Code section 226(a) for failure to provide accurate wage statements to Plaintiff and the Aggrieved Employees, the penalties in Labor Code sections 226.3 and 2699 apply.

**ANSWER:**

Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 70.

**COMPLAINT ¶ 71:**

With respect to violations of Labor Code section 203 for failure to pay all wages due to Plaintiff and the Aggrieved Employees at the conclusion of their employment, the penalties in Labor Code section 2699 apply.

**ANSWER:**

Paragraph 71 contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 71.

**COMPLAINT ¶ 72:**

Pursuant to Labor Code section 2699(k)(1), Plaintiff further seeks public injunctive relief in the form of an Order enjoining Defendants from continuing to violate the California Labor Code in the manner alleged herein.

**ANSWER:**

Paragraph 72 contains legal conclusions and statements regarding remedies, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 72.

**COMPLAINT ¶ 73:**

Additionally, Plaintiff and the Aggrieved Employees are entitled to attorney's fees pursuant to Labor Code section 2699(g).

**ANSWER:**

Paragraph 73 contains legal conclusions and statements regarding remedies, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 73.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendants as follows:

As to Causes of Action One Through Eight

1. Class certification

2. Appointment of Plaintiff as class representative

3. Appointment of Plaintiff's Counsel as class counsel

First Cause of Action

1. For premium pay for each missed, late, or interrupted meal period, pursuant to Labor Code section 226.7

2. For prejudgment interest at the legal rate

3. For reasonable attorneys' fees and costs; and

4. For such other and further relief as the Court may deem just and proper.

Second Cause of Action

1. For premium pay for each missed, late, or interrupted rest period, pursuant to Labor Code section 226.7

2. For prejudgment interest at the legal rate

3. For reasonable attorneys' fees and costs; and

4. For such other and further relief as the Court may deem just and proper.

Third Cause of Action

1. For all unpaid minimum wages pursuant to Labor Code sections 1194 and 1197;

2. For liquidated damages pursuant to Labor Code section 1194.2;

3. For prejudgment interest at the legal rate;

4. For reasonable attorneys' fees and costs; and

5. For such other and further relief as the Court may deem just and proper.

Fourth Cause of Action

1. For all unpaid overtime wages and liquidated damages pursuant to Labor Code sections 510 and 1194;

2. For penalties pursuant to Labor Code section 558;

3. For prejudgment interest at the legal rate;

4. For reasonable attorneys' fees and costs; and

5. For such other and further relief as the Court may deem just and proper.

Fifth Cause of Action

1. For statutory penalties for each non-compliant wage statement pursuant to Labor Code section 226(e);

2. For reasonable attorneys' fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

Sixth Cause of Action

1. For waiting time penalties pursuant to Labor Code section 203;

2. For prejudgment interest at the legal rate;

3. For reasonable attorneys' fees and costs; and

4. For such other and further relief as the Court may deem just and proper.

Seventh Cause of Action

1. For restitution of all wrongfully withheld wages and other monies;

2. For reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5;

3. For costs of suit; and

4. For such other and further relief as the Court may deem just and proper.

Eighth Cause of Action

1. All applicable civil penalties available pursuant to Labor Code section 2698, et seq.

2. Public injunctive relief in the form of an Order enjoining Defendants from continuing to violate the California Labor Code in the manner alleged herein

3. Attorneys' fees

4. Costs

5. Other relief the court deems proper

**ANSWER:**

Defendant denies that Plaintiff is entitled to any of the relief asserted in her Prayer for Relief.

## SEPARATE AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law. Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The additional defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any additional defense contained herein at any time.

### FIRST DEFENSE
### (Failure to State a Claim)

1. The Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND DEFENSE
### (Statute of Limitations)

2. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 339, 340, 343; Labor Code §§ 203, 226, 558, 1197.1; and Business and Professions Code § 17208.

### THIRD DEFENSE
### (Good Faith Dispute / Good Faith Compliance)

3. Defendant acted in good faith and had reasonable grounds to believe it complied with all applicable provisions of the California Labor Code and Industrial Welfare Commission Wage Orders. To the extent Plaintiff seeks waiting-time penalties,

wage-statement penalties, minimum wage or overtime penalties, or PAGA penalties, those claims are barred by Defendant's good-faith dispute and/or good-faith error.

**FOURTH DEFENSE**

**(Estoppel)**

4. Plaintiff and/or any putative class or aggrieved employees are estopped from asserting some or all of the claims due to their own conduct, acts, and omissions.

**FIFTH DEFENSE**

**(Waiver)**

5. Plaintiff and/or putative class members waived, in whole or in part, the rights or claims asserted in the Complaint.

**SIXTH DEFENSE**

**(Offset / Setoff)**

6. To the extent that Plaintiff or others she seeks to represent are entitled to damages or penalties, Defendant is entitled to an offset for any overpayments of wages, bonuses, or other remuneration previously provided to Plaintiff..

**SEVENTH DEFENSE**

**(Accord and Satisfaction)**

7. To the extent Plaintiff or putative class members accepted payments constituting full satisfaction of any alleged wages or penalties, their claims are barred by accord and satisfaction.

**EIGHTH DEFENSE**

**(Avoidable Consequences / Failure to Mitigate)**

8. Any alleged damages or penalties are barred by the doctrines of avoidable consequences and failure to mitigate. Defendant exercised reasonable care to comply with California law and provided avenues for employees to raise concerns or correct potential violations, which Plaintiff and others failed to utilize.

**NINTH DEFENSE**
**(Unclean Hands)**

9. Plaintiff and/or putative class or aggrieved employees come to the Court with unclean hands based on their own conduct, which bars or reduces their claims.

**TENTH DEFENSE**
**(Lack of Knowledge / No Actual or Constructive Notice)**

10. Defendant lacked actual or constructive knowledge of any alleged unpaid hours, off-the-clock work, missed meal periods, missed rest periods, wage-statement inaccuracies, or other alleged violations. Plaintiff and putative class members failed to notify Defendant or provide an opportunity to timely resolve any alleged issues.

**ELEVENTH DEFENSE**
**(Failure to Take Provided Meal or Rest Periods)**

11. To the extent Plaintiff or putative class members allegedly missed meal or rest periods, they did so voluntarily and for personal reasons, not due to any unlawful policy or practice of Defendant.

**TWELFTH DEFENSE**
**(No Injury Under Labor Code § 226)**

12. Plaintiff suffered no injury within the meaning of Labor Code § 226(e), and therefore cannot recover wage-statement penalties.

**THIRTEENTH DEFENSE**
**(No Willfulness Under Labor Code § 203)**

13. Plaintiff's claim for waiting-time penalties under Labor Code § 203 is barred because any alleged failure to pay final wages was not willful.

**FOURTEENTH DEFENSE**

**(Unreasonable or Unnecessary Expenses)**

14. To the extent Plaintiff seeks reimbursement under Labor Code § 2802 (if alleged through derivative theories), such claims are barred to the extent expenses were not necessary, reasonable, or incurred in direct consequence of job duties.

**FIFTEENTH DEFENSE**

**(PAGA Penalties Barred or Reduced)**

15. PAGA penalties are barred or must be reduced because Defendant acted in good faith, the alleged violations did not occur, Plaintiff lacks standing as to certain alleged violations, and/or penalties would be unreasonable, unjust, oppressive, or confiscatory under Labor Code § 2699(e)(2).

**SIXTEENTH DEFENSE**

**(No Representative Standing Under PAGA for Unpled Violations)**

16. Plaintiff lacks standing to pursue PAGA penalties for any Labor Code provisions not properly exhausted in her LWDA notice.

**SEVENTEENTH DEFENSE**

**(Class Certification Improper)**

17. Plaintiff cannot satisfy the requirements of Rule 23, including commonality, typicality, adequacy, predominance, superiority, and ascertainability. The claims are not appropriate for class-wide treatment.

**EIGHTEENTH DEFENSE**

**(Derivative Claims Fail)**

18. Plaintiff's derivative claims—including waiting-time penalties, wage-statement penalties, UCL, and PAGA—fail to the extent they rely on alleged underlying Labor Code violations that did not occur.

**NINETEENTH DEFENSE**
**(Constitutional Limits on Penalties)**

19. Civil penalties sought under PAGA or otherwise are barred or limited by due-process considerations under the California and U.S. Constitutions, including prohibitions against excessive, arbitrary, or disproportionate penalties.

**TWENTIETH DEFENSE**
**(Lack of Knowledge)**

20. Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or any other purportedly similarly-situated current or former employees. *See, e.g., Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012).

**TWENTY-FIRST DEFENSE**
**(Failure to Exhaust All Administrative and Statutory Prerequisites)**

21. Plaintiff's Eighth Cause of Action for civil penalties under the Private Attorneys General Act ("PAGA") is barred, in whole or in part, because Plaintiff failed to comply with the mandatory administrative prerequisites set forth in Labor Code section 2699.3. Plaintiff failed to provide timely or adequate notice to the Labor and Workforce Development Agency and to Defendant, failed to identify with specificity each Labor Code provision allegedly violated, failed to include sufficient facts and theories to support each alleged violation, failed to exhaust remedies as to any Labor Code provisions not identified in her notice, and/or failed to wait the requisite statutory period before filing suit. Accordingly, Plaintiff lacks standing to pursue PAGA penalties for all or some of the alleged violations.

**TWENTY-SECOND DEFENSE**
**(Failure to Inform Employer of Alleged Violations)**

22. Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Defendant did not have actual or constructive knowledge, or any reason to know, about any alleged unlawful conduct or purported complaints, any alleged failure to pay wages, or any purported late, missed, or interrupted meal periods or rest periods allegedly suffered by Plaintiff or any other purportedly similarly situated current or former employees. By way of example only, Defendant did not have actual or constructive knowledge, or any reason to know, about any alleged inaccuracies regarding wage statements or payroll records of Plaintiff or any other purportedly similarly situated current or former employees. Defendant did not have actual or constructive knowledge, or any reason to know, that Plaintiff or any other purportedly similarly situated current or former employees were denied any meal or rest periods. Plaintiff, therefore, did not provide Defendant with an opportunity to correct any alleged violations and then provide the appropriate remedy, if any, to Plaintiff prior to the time she filed her lawsuit.

**TWENTY-THIRD DEFENSE**
**(Reservation of Rights)**

23. Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff, on behalf of herself and any persons whom Plaintiff purports to represent by this action, take nothing by the unverified Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff and all persons Plaintiff purports to represent by this action on all causes of action;

3. That Defendant be awarded reasonable attorneys' fees according to proof;

4. That Defendant be awarded the costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief as the Court may deem appropriate and proper.

## **COUNTERCLAIM**

Counterclaimant ECCO RETAIL LLC dba ECCO OUTLET CAMARILLO ("Ecco"), by and through its undersigned counsel, alleges against Counter-Defendant KASSITEE ADAME ("Adame") as follows:

## **NATURE OF ACTION**

1. This counteraction arises from Adame's admitted timecard fraud, dishonesty, and repeated falsification of time records during her employment with Ecco, through which she improperly and fraudulently obtained wages for time she did not work. For example, based on information and belief, Adame twice clocked in remotely long before actually arriving at the Ecco store where she worked, falsely represented that she was present when she was not, and then admitted that she falsified her time entries to avoid discipline for tardiness. Ecco terminated her employment for this misconduct as a result.

## **JURISDICTION AND VENUE**

2. These counterclaims arise out of the same transactions and occurrences alleged in the operative complaint. The Court has supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to these counterclaims occurred in this District.

## **PARTIES**

4. Counterclaimant Ecco Retail LLC is a limited liability company operating retail locations throughout California, including the Camarillo, California store where Adame was employed.

5. Upon information and belief, Counter-Defendant Kassitee Adame is a resident of Ventura County, California who engaged in timecard fraud during her employment and was terminated as a result of her misconduct.

**FACTS**

6. Ecco employed Adame as a non-exempt employee at its Camarillo retail location from approximately July 11, 2023, until her termination on or about April 26, 2025.

7. On April 22, 2025, Adame failed to arrive for her scheduled 9:30 a.m. opening shift.

8. Store Manager Caroline Perry ("Perry") called and texted Adame after noticing the store was still closed and had not opened in a timely manner according to its normal business hours; Adame falsely stated in response to Perry that she was already at the store.

9. Perry checked Ecco's timekeeping system and confirmed that Adame had remotely clocked in at 9:29 a.m., despite not being present at the store at that time. In fact, Adame did not arrive until approximately 10:11 a.m.

10. When confronted by Perry, Adame admitted she lied about her location and admitted she falsely clocked in early because she was late and "didn't want to get in trouble."

11. On April 15, 2025, Adame was responsible for opening the store in a timely manner. Ecco's timekeeping records showed Adame had remotely clocked in at 9:28 a.m. However, Adame did not arrive to the store until approximately 10:09 a.m.

12. When confronted, Adame admitted she was late on April 15, 2025 and deliberately falsified her time entry for the same reason—she "didn't want to be late" and did not want to get in trouble.

13. Adame further admitted she did not report the late store opening to anyone.

14. Based on the two confirmed incidents occurring within a one-week period, the nature of the dishonesty involved, and Adame's admissions that she falsified her time to avoid discipline, Ecco reasonably believed that Adame's misconduct was not isolated and that she may have engaged in similar falsification practices on other occasions during her employment. At minimum, the two documented incidents reflected a pattern of intentional time theft and dishonesty.

15. Ecco determined that Adame had committed repeated time theft, wage theft, and dishonesty in violation of company policy. Consequently, Ecco terminated Adame's at-will employment on April 26, 2025 for timecard fraud, dishonesty, and related misconduct.

## **FIRST CAUSE OF ACTION**

## **CONVERSION**

16. Ecco hereby incorporates by reference and realleges each of the allegations contained in Paragraphs 1 through 15 as though fully set forth in their entirety in this claim for relief.

17. Adame intentionally and wrongfully exercised dominion and control over Ecco's property—specifically, wages belonging to Ecco that were paid to Adame for time she did not work.

18. Adame obtained these unearned wages through intentional misconduct, including falsifying time entries, remotely clocking in before arriving at the store, misrepresenting her whereabouts, and admitting that she falsified time to avoid discipline.

19. Adame's actions were without Ecco's consent and inconsistent with Ecco's rights as the lawful owner of the funds at issue.

20. As a direct and proximate result of Adame's wrongful acts, Ecco suffered monetary damages in an amount to be proven at trial.

21. Adame's conduct was willful, malicious, and fraudulent, entitling Ecco to an award of punitive and exemplary damages pursuant to California Civil Code § 3294.

**SECOND CAUSE OF ACTION**

**RESTITUTION BASED UPON UNJUST ENRICHMENT**

22. Ecco hereby incorporates by reference and realleges each of the allegations contained in Paragraphs 1 through 21 as though fully set forth in their entirety in this claim for relief.

23. Adame knowingly accepted and retained wages that she did not earn.

24. These wages were obtained through intentional falsification of time records, deception regarding her presence at the store, and the submission of knowingly-inaccurate time entries.

25. Adame has been unjustly enriched at Ecco's expense by retaining wages she was not entitled to.

26. Equity and good conscience require that Adame return and disgorge the portion of wages she wrongfully obtained.

27. Ecco is therefore entitled to restitution in the amount of all unearned wages paid to Adame as a result of her misconduct.

**THIRD CAUSE OF ACTION**

**BREACH OF DUTY OF LOYALTY**

28. Ecco hereby incorporates by reference and realleges each of the allegations contained in Paragraphs 1 through 27 as though fully set forth in their entirety in this claim for relief.

29. "The duty of loyalty arises not from a contract but from…the relationship of principal and agent" such as that of employer and employee. *Huong Que, Inc. v. Luu*, 150 Cal.App.4th 400, 410–11 (2007). "The duty of loyalty is breached, and the breach may give rise to a cause of action in the employer, when the employee takes action which is inimical to the best interests of the employer." *Id.* at 414.

30. As an employee, Adame owed Ecco a duty of loyalty, including the obligation to act in Ecco's best interests, perform her duties honestly, and refrain from conduct adverse to Ecco.

31. Adame breached her duty of loyalty by engaging in dishonest conduct, including falsifying time records on multiple occasions, lying to her manager about her whereabouts, failing to report late openings, and accepting wages she knew were unearned and inaccurate.

32. Adame's conduct was intentional, deceptive, and undertaken for her own benefit at the expense of Ecco.

33. As a direct and proximate result of Adame's breach of her duty of loyalty, Ecco suffered damages in the form of unearned wages paid to Adame and other losses to be proven at trial.

34. Adame's conduct was willful, malicious, and fraudulent, entitling Ecco to an award of punitive and exemplary damages pursuant to California Civil Code § 3294.

## **PRAYER FOR RELIEF**

Ecco prays for judgment against Adame as follows:

1. For compensatory damages according to proof;
2. For restitution and disgorgement of all wages wrongfully obtained;
3. For damages for conversion;
4. For punitive damages or exemplary damages;
5. For pre-judgment and post-judgment interest at the rate authorized by law;
6. For costs of suit, including reasonable attorneys' fees, incurred herein; and
7. For other and further relief as the court deems just and proper.

## **PRAYER FOR RELIEF**

Ecco hereby demands a trial by jury as to all issues so triable herein.

DATED: November 24, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Ryan McCoy*

Ari Hersher
Ryan McCoy
Kevin Ha

Attorneys for Defendant
ECCO RETAIL LLC dba ECCO OUTLET CAMARILLO