JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 25-11011 PA (MBKx) | Date | April 24, 2026 |
| Title | Kassitee Adame v. ECCO Retail LLC | | |

**Present: The Honorable**   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS – COURT ORDER

On March 25, 2026, plaintiff Kassitee Adame ("Plaintiff") and defendant ECCO Retail LLC ("Defendant") filed a Joint Request for Dismissal of Class Action Claims. The Court construed the Joint Request as a Stipulation and granted it. As a result, the class claims were dismissed and only Plaintiff's individual wage and hour and PAGA claims remain. This action was originally removed by Defendant based on an allegation that the Court possessed jurisdiction over the action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Here, following dismissal of the class allegations, the Court appeared to no longer possess federal subject matter jurisdiction under CAFA, and there is no federal question jurisdiction because the Complaint alleges only state law claims. Accordingly, the Court ordered the parties to show cause why this action should not be remanded to state court. See Royal Canin USA, Inc. v. Wullschleger, 604 U.S. 22, 39 (2025) (holding that when "any federal anchor" supporting jurisdiction is "gone, . . . jurisdiction over the residual state claims disappears as well"); see also Faulk v. JELD-WEN, Inc., 159 F.4th 618, 622 (9th Cir. 2025) (ordering remand of case removed under CAFA after plaintiff excised class action allegations from the complaint alleging state law claims).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-11011 PA (MBKx) | Date | April 24, 2026 |
|---|---|---|---|

| Title | Kassitee Adame v. ECCO Retail LLC |
|---|---|

The Court warned the parties that the failure to respond to the Order to Show Cause could result in the remand of this action to state court without further warning.  Plaintiff filed a Response in which she agreed that the Court no longer possessed subject matter jurisdiction over the matter and that the action should be remanded.  Defendant did not file a Response.  The Court concludes that as a result of the dismissal of the class claims, it lacks subject matter jurisdiction over this action.  The Court therefore remands this action to Ventura County Superior Court, Case No. 2025CUOE052403.

IT IS SO ORDERED.